UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION

-------------------------------------------------------X

In re:

Choshen Israel Group LLC                      Chapter 11
                                                         Case No.: _____(cgm)
                        Debtor.

                                                      **AFFIDAVIT OF CHAPTER 11**
                                                      **PURSUANT TO LR 1007-2**

-------------------------------------------------------X

State of New York             )
                                  ss
County of Kings          )

    **I, Lawrence Katz, as Member**, being duly sworn, deposes and says:

1. I submit this affidavit pursuant to Rule 1007-2 of the Local Bankruptcy Rules (the "LBR").

2. I am a member of the Debtor Choshem Israel LLC herein. I am personally familiar with all of the matters set forth below.

3. The Debtor filed the Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code") and an Order for relief was entered. No prior case was filed and confirmed by the Debtor. No committee of creditors was organized prior to this Chapter 11 case.

4. Choshen Israel Group LLC ("Choshen") was created on January 4, 1999.

5. For many years Choshen served as the engine for foreign companies acting as an agent to raise capital in the United States and to market the technology of foreign companies in the United States for the purpose of eventually bringing such companies through the process to (hopefully) lead to a successful Initial Public Offering ( "IPO") .

6. Prior to filing, the CEO of Choshen was Aaron Fischman.

7. Aaron Fischman has had a history of successful IPOs brought up through Choshen

8. Aaron Fischman secured a client for Choshen from the Dutch Antilles, Cardis Enterprises International B.V. and Cardis Enterprises International N.V. were located in the Netherlands (together as "Cardis").

9. The downfall of Choshen is directly related to its relationship with Cardis.

10. Cardis was a startup company that developed developmental stage credit card processing technology and the owner of several technology patents at a time when a similar technology company, Paypal, was emerging.

11. Choshen served as the engine for Cardis acting as the agent of Cardis to raise capital in the United States and the agent to market Cardis's technology in the United States.

12. Cardis was a prospective venture that was forward looking for profits once its technology is utilized in the open market.

13. Choshen in return would generate a profit for its distribution of stocks and warrants through charging Cardis a fee and Each investor would receive shares of common stock in Cardis that were distributed by Choshen to each shareholder.

14. Capital raised by Choshen for Cardis was deposited in an escrow account holding money for Choshen.

15. Cardis would then issue to Choshen stocks and warrants based on the amount of capital raised.

16. The capital was then distributed into three categories, the office expenses that Cardis had in Nassau County, the funding sent overseas to Cardis, and the fees retained by Choshen.

17. Cardis would deduct from the capital the office expenses that Choshen had accumulated in Nassau County, which included the salaries and overhead.

18. The funding sent to Cardis overseas was distributed by the executives of Cardis, of which neither Choshen nor Aaron Fischman had any involvement.

19. The fees retained by Choshen were its profits.

20. As typical with startups that are investor funded, the startup takes off or fails. If the startup takes off the investors stand to gain multiple times the value of their investment with the anticipation that each stock would be sold starting at the dollar value. These types of investments are extremely high risk and are offered only to investors who understand the risk but desire to take the risk because the rewards are so high.

21. At all relevant times, investors seeking to purchase stock in Cardis were required to sign an acknowledgement understanding the risks involved.

22. At all relevant times, Cardis developed the credit card processing technology it promised to develop; there is no genuine claim that Cardis did not develop what it had promised to develop.

23. At all relevant times, investors received the shares or warrants in Cardis for their investments; there is no genuine claim made that investors did not receive the shares they bargained for.

24. In short, the Cardis start up did not proceed to a successful IPO.

25. Unhappy investors took a claim to the Office of the New York State Attorney General ("OAG").

26. Aaron Fischman was arraigned on multiple counts, and sued civilly by the OAG.

27. Aaron Fischman maintained his innocence and in the interest of avoiding the uncertainty of litigation and trial, Aaron Fischman settled with the OAG.

28. Aaron Fischman stepped down as the CEO of Choshen prior to the OAG taking any action against him.

29. As part of the settlement agreement with the OAG, Aaron Fischman stipulated that he would pay $2mil in fines within 3 years of 2022 and further agreed to no longer sell securities.

30. Because Aaron Fischman can no longer sell securities, he is taking the responsible step of winding down the Debtor Choshen Israel Group LLC, the company he founded and ran successfully for many years.

31. Aaron Fischman has pledged to gratuitously pay as much as 10% to each valid creditor of the Debtor so long as the dissolution remains in a bankruptcy case under chapter 11.

32. The Debtor herein also holds interest in shares of stock Cardis.

33. Cardis continues to operate and maintain technology patents, yet the value of the shares in Cardis pledged to the debtor is unknown.

34. Choshen intends to liquidate its shares in Cardis to repay its creditors who file timely claims deemed valid by this Honorable Court.

35. The Debtor has no known secured creditors and seeks to liquidate and wind down with a plan for the at least partial repayment of valid existing debts.

36. The Petition in this matter is to be commenced as a Chapter 11.

37. With respect to the holders of the *largest* unsecured claim(s):

  445 Central LLC
  95 Delancey Street
  New York NY 10002-0000

  American Express Co.
  Attn: Stephen Squeri, CEO
  200 Vesey Street
  New York NY 10285-0000

  Shalom S. Maidenbaum
  132 Spruce Street
  Cedarhurst NY 11516-0000

  Daniel Stern
  1598 28th Street
  Brooklyn NY 11229-0000

  Fredrick Stern
  1598 28th Street
  Brooklyn NY 11229-0000

  Moshe Stern
  1598 28th Street
  Brooklyn NY 11229-0000

  Simon Stern
  1598 East 28th Street
  Brooklyn NY 11229-0000

38. The secured claim(s) are as follows:
    NONE

39. Summary of Assets and Liabilities:

    Assets:  Shares of stock in Cardis

<u>Liabilities</u>:  The debts listed in Schedule E.

40. No securities of the Debtor are publicly held.

41. Debtor's assets are located in New York and/or the Dutch Antilles.

42.  At this time the following proceedings are pending or threatened against the Debtor:

SUPREME COURT OF NEW YORK
COUNTY OF NASSAU
Index Number: 608120/2022
AARON FISCHMAN and CHOSHEN ISRAEL GROUP, LLC,

*Plaintiffs,*

-against-

JONATHAN A. STEIN, and SHALOM MAIDENBAUM in his individual and official capacity on behalf of CARDIS ENTERPRISES INTERNATIONAL B.V. and CARDIS ENTERPRISES INTERNATIONAL N.V. and CARDIS ENTERPRISES INTERNATIONAL (USA), INC.,

*Defendants*

The above referenced case challenges the validity of certain confessions of judgment filed with the Supreme Court of New York in the County of Nassau.

SUPREME COURT OF NEW YORK
COUNTY OF NASSAU
Index Number: 602193/2018
Simon Stern v. Choshen Israel LLC et al

SUPREME COURT OF NEW YORK
COUNTY OF NASSAU
Index Number: 604766/2016
Maidenbaum v. Choshen Israel LLC et al

SUPREME COURT OF NEW YORK
COUNTY OF NASSAU
Index Number: 601538/2021
Maidenbaum v. Choshen Israel LLC et al

SUPREME COURT OF NEW YORK
COUNTY OF NASSAU
Index Number: 604610/2016
Maidenbaum v. Choshen Israel LLC

SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK
Index Number: 452353/2018
People of the State of New York
v. Choshen Israel, LLC, et al

Dated: Brooklyn, New York
August 2, 2023

_____
Lawrence Katz, Member

Affirmed to before me on this
2nd day of August, 2023

_____
Notary Public

PAUL HUEBNER
NOTARY PUBLIC, STATE OF NEW YORK
No. 02HU6157168
Qualified in Kings County
My Commission Expires 3/29/2027