Hearing Date: September 19, 2023
Hearing Time:  9:00AM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-------------------------------------------------------X
In re:
Choshen Israel Group LLC					Chapter 11
							Case No.: 23-35636(cgm)

		Debtor/Debtor In Possession
-------------------------------------------------------X
Choshen Israel Group LLC
		Movant					NOTICE OF HEARING
v.

Shalom Maidenbaum, Esq., Eric Berry, Esq.
And Elliot Joseph Blumenthal, Esq.
-------------------------------------------------------X

**NOTICE OF HEARING ON MOTION FOR ORDER HOLDING ATTORNEY SHALOM MAIDENBAUM AND ATTORNEY ERIC BERRY AND  ATTORNEY ELLIOT JOSEPH BLUMENHAL IN CIVIL CONTEMPT FOR THEIR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY IMPOSED BY BANKRUPTCY CODE
SECTIONS 362(a)(1) AND 362(a)(6)**

**PLEASE TAKE NOTICE**, that upon the Debtor and Debtor in Possession, Choshen Israel Group LLC (the "Debtor"), by and through its attorney Linda M. Tirelli, Esq., of Tirelli Law Group, the undersigned will move before the Honorable Judge Cecelia G Morris, United States Bankruptcy Judge for the Southern District of New York at the United States Courthouse, located at the United States Bankruptcy Court, 355 Main Street, Poughkeepsie, NY 0601 on September 19, 2023 at 9:00 a.m. or as soon thereafter as counsel may be heard for an Order Holding **SHALOM MAINDENBAUM AND ERIC BERRY AND ELLIOT JOSEPH BLUMENTAHL** in civil contempt for their willful violations of the automatic stay imposed by Bankruptcy Code Sections 362(a)(1) and 362(a)(6); Awarding to Debtor its attorneys' fees, costs, expenses and disbursements; and awarding such other and further relief as to the Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief sought in the Motion must comply with the applicable law and be served upon the undersigned with a courtesy copy to the Bankruptcy Judge's Chambers at least SEVEN (7) days prior to the return date.

Unless objections are interposed, the relief sought in the application may be granted.

Dated: White Plains, New York
August 19, 2023

                                      Respectfully submitted,

BY: */s/Linda M Tirelli*
Linda M. Tirelli, Esq.
Tirelli Law Group
*Attorneys for the Debtor*
50 Main Street, Suite 1265
White Plains, New York 10606
(914) 732-3222
LTirelli@TirelliLawGroup.com

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-------------------------------------------------X
In re:
Choshen Israel Group LLC                          Chapter 11
                                                  Case No.: 23-35636(cgm)
            Debtor/Debtor In Possession
-------------------------------------------------X
Choshen Israel Group LLC
            Movant                                Motion
v.

Shalom Maidenbaum, Esq., Eric Berry, Esq.
And Elliot Joseph Blumenthal, Esq.
-------------------------------------------------X
```

**MOTION FOR ORDER HOLDING ATTORNEY SHALOM MAIDENBAUM AND ATTORNEY ERIC BERRY AND ATTORNEY ELLIOT JOSEPH BLUMENHAL IN CIVIL CONTEMPT FOR THEIR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY IMPOSED BY BANKRUPTCY CODE SECTIONS 362(a)(1) AND 362(a)(6)**

**COME NOW** the above-named Debtor and Debtor in Possession Choshen Israel Group LLC (the "Debtor"), by and through his attorney of record, Linda M. Tirelli, Esq. of Tirelli Law Group LLC, respectfully submits this motion (the "Motion"), under Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 9020 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's inherent contempt power, requesting to hold Shalom Maidenbaum ("Maidenbaum"), Attorney Eric Berry ("Berry") and Attorney Elliot Joseph Blumenthal ("Blumenthal") (Maidenbaum, Berry and Blumenthal hereinafter collectively shall be referred to as the "Respondents") in civil contempt for their willful violations of the automatic stay imposed by Bankruptcy Code Sections 362(a)(1) and 362(a)(6). Awarding to Debtor its attorneys' fees, costs, expenses and disbursements; and in support hereof respectfully show unto the Court the following:

1.      On August 2, 2023, the Debtor filed a petition for relief under chapter 11 of the United States Bankruptcy Code. (See this Court's ECF Docket).

2.      On August 3, 2023 Eric Berry, Esq filed a Notice of Appearance in the instant case as counsel to an alleged creditor, respondent Shalom Maidenbaum. (see ECF Dkt No 3)

3

3.   Prior to the filing of the Debtor's petition, on or about June 21, 2016, Maidenbaum, though counsel, commenced an action in the New York State Supreme Court in Nassau County against the Debtor and FOUR (4) additional co-defendants. Said case was assigned index number 604610/2016 (hereinafter referred to as the "State Court Case").

4.   The Debtor listed Maidenbaum by name in its bankruptcy petition as a disputed creditor and further listed Eric Berry, Esq., as Maidenbaum's counsel, for additional notice purposes.

5.   To further notice Maidenbaum, his counsel and the Honorable Justice R. Bruce Cozzens, presiding justice in the State Court Case, the undersigned through state court counsel, Attorney Levi Huebner, caused the official US Bankruptcy Court generated "Notice of Bankruptcy Case Filing" to be delivered to the Nassau County Supreme Court and filed on its electronig case filing system ( "NYSECF") together with a cover letter to the Honorable Justice R. Bruce Cozzens which appear on the State Court Case docket as documents number 682 and 683. A copy of the State Court Case docket is attached as **Exhibit A** and a copy of the published letter with notice of bankruptcy filing is attached hereto as **Exhibit B**.

6.   Based upon information and belief, Maidenbaum is an attorney licensed to practice in New York State since 1987.

7.   Blumenthal filed an appearance in the aforesaid state court case as counsel to Maidenbaum on May 4, 2020. Blumenthal's appearance is document number 190 of the attached State Court Case docket. (see **Exhibit A**)

8.   After filing of the instant bankruptcy case, and clear notice, the Respondents together filed a notice to settled an order in the State Court Case – without a motion, notice or hearing in the State Court Case – seeking to sever the case and continue to proceed with

4

discovery in the State Court Case as against one of the co-defendants, Aaron Fischman[1]. The requested order to sever the claims against Aaron Fischman is attached here to as **Exhibit C**. (see State Court Case document number 688) was entered without a hearing on August 4, 2023.

9. The underlying claim by Maidenbaum as the plaintiff in the State Court Case is that Aaron Fischman is guarantor of alleged debts owed by the remaining defendants to the State Court Case including the instant Debtor.

10. The validity of the confession judgement, signed by Aaron Fischman, in part, as the Member of the Debtor, and as an office of 3 other defendants and signed by him, personally, as guarantor, is contested. The defendants to the State Court Case have alleged the underlying series of debts memorialized in a single promissory note for over $2,000,000 could not have defaulted by any of the defendants because it was never funded and no consideration was ever paid by Maidenbaum to the defendants including the Debtor. The series of alleged debts are not described with any specificity to suggest any one defendant owes the same as or perhaps more tanor perhaps less than any of the other state court defendants.

11. The post-petition order of severance mandates that certain discovery demanded by the plaintiff, Maidenbaum, will proceed as to Aaron Fischman. It makes little sense to proceed as to the mere guarantor if the remaining parties are accused of being in default and deny the same.

12. The post-petition state court order neither stays nor dismisses the proceedings against the Ch 11 Debtor.

13. The effect of the order is that the plaintiff in the State Court Case continues to proceed towards judgment as against all (5) defendants, including the Debtor. Moreover, it seems the discovery sought from Aaron Fischman is arguably records of the remaining defendants, including the Debtor.

---

[1] Mr. Fischman is a member of the Debtor as well as its former CEO.

14. The Debtor avers that continuing discovery in any form is an action to continue a case against the Debtor without first seeking relief from this bankruptcy court.

15. The Debtor acknowledges that with rare exception ( not applicable here) there is no "co-debtor stay" in a Chapter 11 case. The Debtor avers that the pending State Court Case is an action against the Debtor itself and the Respondents are forging ahead to advance the State Court Case towards a final judgement against the Debtor, without seeking stay relief to do so.

16. On August 17, 2023, despite notice of the fact that at least 1 defendant, (ie., the Debtor), filed for bankruptcy and is fully protected by the automatic stay provisions of 11 USC 362, NY State Court Justice Cozzens entered an second order and decision relate to a pre-petition motion regarding propriety of subpoenas served filed pre-petition in June 2022 which appears as document number 693on the State Court Case docket (see **Exhibit A**)

17. On August 18, 2023, the Respondents filed a "Notice of Entry" which appears on he State Court Case docket as document number 694 (see **Exhibit A**) again without seeking a modification of the automatic stay and thus has again violated the automatic stay as to the Debtor.

18. The State Court Case is moving along as if the instant bankruptcy case is of nor concern nd the automatic stay is of no effect. The Respondents should be held in civil contempt.

## ARGUMENT

**RESPONDENTS SHALOM MAIDENBAUM, ERIC BERRY AND ELLIOT JOSEPH BLUMENTHAL SHOULD BE HELD IN CIVIL CONTEMPT FOR THEIR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY AUTOMATIC STAY IMPOSED BY BANKRUPTCY CODE SECTIONS 362(a)(1) AND 362(a)(6)
AND SHOULD BE SANCTIONED UNDER 11 U.S.C.§105**

19. Respondents' action of willfully continuing to pursue judgement against the Debtor through continued discovery and filing a notice of entry in a pre-petition state court proceeding without first seeking relief from the automatic stay violated the automatic stay

6

under 11 U.S.C. § 362(a)(1) and (a)(6); therefore Respondents should be sanctioned and the Debtor should be awarded its actual damages, attorneys' fees, costs, expenses and disbursements.

20. A violation of the automatic stay is willful if the creditor knew of the automatic stay and intentionally performed the actions that violated the stay; knowledge of the automatic stay will be imputed if the creditor intentionally carried out the prohibited act with the knowledge of the debtor's bankruptcy case. *In re Ebadi,* 448 B.R. 308, 312 (Bankr. E.D.N.Y. 2011); *see also In re Robinson*, 228 B.R. 75, 84 (Bankr. E.D.N.Y. 1998) (holding that a willful violation only required an intentional act, not a wrongful intent). Furthermore, if a party charged with violating the stay knows that the stay is in effect, any deliberate act taken in violation of the stay justifies an award of actual damages. It boggles the mind of the serious practitioner to think that all three of the respondents violated the automatic stay without so much as a filing a Motion or Relief From Stay to modify the stay imposed at filing.

21. The automatic stay, codified in Bankruptcy Code Section 362(a), is a self-executing injunction, "effective immediately upon the filing of the petition." Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 527 (2d Cir. 1994). It constitutes "one of the fundamental debtor protections provided by the bankruptcy laws," designed to afford debtors the "breathing spell" Congress recognized as essential to a successful reorganization. See E. Refractories Co. v. Forty Eight Insulations, Inc., 157 F.3d 169, 172 (2d Cir. 1998) (quoting H.R. Rep. No. 95-595, at 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97).

22. The automatic stay remains in effect throughout a debtor's chapter 11 case, relaxing only with leave of the bankruptcy court. See, e.g., Morgan Guar. Tr. Co. v. Hellenic Lines,

7

Ltd., 38 B.R. 987, 998 (S.D.N.Y. 1984) ("Those who seek to avoid the proscription of § 362 must apply to the court for an order to lift, vacate or modify the automatic stay for good cause shown.") (citation omitted). As set forth above, the Court should not ignore te fact that the three Respondents are all attorneys and not unsophisticated creditors.

23. Acts taken in violation of the automatic stay are void and, under certain circumstances, monetary sanctions are warranted for such violations. 48th Street Steakhouse, Inc., v. Rockefeller Grp., Inc. (In re 48th St. Steakhouse), 835 F.2d 427, 432 (2d. Cir 1987); see also Windstream Holdings, Inc. v. Charter Commc'ns Inc., (In re Windstream Holdings, Inc.), 627 B.R. 32, 42 (Bankr. S.D.N.Y. 2021).

24. Finding the Respondents in Civil Contempt is warranted in this case.  The Debtor is not a natural person and as such sanctions derive from the Court's inherent contempt power as well as Bankruptcy Code Section 105(a), which provides that "[t]he Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title"—in this instance Bankruptcy Code Section 362(a). See Mem. of Decision at 98-99 (citing Maritime Asbestosis Legal Clinic v. LTV Steel Co. Inc. (In re Chateaugay Corp.), 920 F.2d 183, 184-87 (2d Cir. 1990) and Ames Dep't Stores v. Lumbermens Mut. Cas. Co. (In re Ames Dep't Stores, Inc.), 542 B.R. 121, 141 n.83 (Bankr. S.D.N.Y. 2015)).

25. Civil contempt orders may be appropriate unless "there is [a] fair ground of doubt as to the wrongfulness of the defendant's conduct." Taggart v. Lorenzen, 139 S. Ct. 1795, 1801 (2019) (citation omitted).

26. The very Honorable Judge Robert D. Drain (retired S.D.N.Y.) set forth the conditions for when civil contempt orders for violations of the automatic stay are appropriate: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of

8

noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Windstream Holdings, Inc., 627 B.R. at 39 (citing, among other cases, Weston Capital Advisors v. PT Bank Mutiara, Tbk, 738 Fed. App'x 19, 21-22 (2d Cir. 2018)). Here Notice is apparent as is the non compliance. There has been no effort on the pat of the Respondents to diligently seek relief from the stay before continuing the action.

27. Per the Supreme Court: "[T]his standard is generally an objective one . . . a party's subjective belief that she was complying with an order ordinarily will not insulate her from civil contempt if that belief was objectively unreasonable." Taggart, 139 S. Ct. at 1802. Indeed, as Judge Drain suggested, neither a good faith mistake of law nor a legitimate dispute as to legal rights relieve a violator of the consequences of her actions: [B]ecause (a) bankruptcy courts are actively supervising cases covering all of the debtor's property while the automatic stay is in effect and (b) the automatic stay is of fundamental importance in the collective, multi-party context of bankruptcy cases . . . it is logical to require those in doubt whether the stay applies to seek clarification from the court *or be sanctioned for shooting first and aiming later*. 7 Windstream Holdings, Inc., 627 B.R. at 40 (emphasis added); see id. at *8-9 (citing Squire v. Stringer, 820 Fed. App'x 429, 434 (6th Cir. 2020) ("Allowing a creditor to circumvent the automatic stay based on his own judgments would lead to the very chaotic and uncontrolled scramble for the debtor's assets the stay was designed to prevent.")).

28. Consistent with the objective, three-factor test set forth in Weston Capital Advisors, and the evidence presented with this Motion, the Respondents must be held in civil contempt for their violations of Bankruptcy Code Sections 362(a)(3) and (7). See Weston Capital Advisors, 738 Fed. App'x at 21-22; see generally Decl. Exs.

9

29. The automatic stay is a clear and unambiguous order; the Respondents side-stepped the Bankruptcy Court by filing an order for th State Court Justice to enter in willful violation of that order. On these facts, there can be no fair ground of doubt as to the unlawfulness of the Respondents' conduct. Taggart v. Lorenzen, 139 S. Ct. 1795, 1801 (2019). Or as Judge Drain put it: "[a] reasonable person would not think otherwise." Windstream Holdings, Inc., 627 B.R. at 41.6

30. The Respondents' contempt merits an award of sanctions. Bankruptcy courts can award three types of sanctions under their civil contempt power for breach of the automatic stay: (i) coercive sanctions directing compliance; (ii) compensatory sanctions for 6 The debtors/plaintiffs in Windstream Holdings, Inc. alleged that the Defendants had breached Bankruptcy Code Section 362(a)(3) by, among other things, unilaterally terminating connectivity service to the debtors' customers on account of prepetition amounts owing by the debtors to the Defendants. 627 B.R. at 38-40. The Respondents argued that sanctions for contempt were not appropriate because the termination of service arose from a wholly automated function, the Defendants reasonably attempted to comply with the automatic stay, and they did not believe they were violating the stay. Id. at *48, 55. Judge Drain rejected those arguments because (i) the Defendants had notice of the plaintiffs' bankruptcy cases and the imposition of the automatic stay and (ii) Bankruptcy Code Section 362(a)(3) was "clear and unambiguous as applied to [the Defendants'] conduct." Id. at 42.

31. The Debtor here seeks compensatory sanctions, in the form of reasonable attorneys' fees and expenses incurred because of the Respondents' violations of the automatic stay. Those sanctions represent the bare minimum to which the estate, is entitled in light of the Respondents' unlawful continuation of prepetition litigation.

32. Indeed, "based on the principle underlying compensatory sanctions, awarding actual damages for contempt generally does not require a finding that the contemnor acted willfully . . . although such a finding of course supports the sanction." Windstream Holdings, Inc., 627 B.R. at *48 (citing Manhattan Indst. v. Sweater Bee By Banff, Ltd., 885 F.2d 1, 5 (2d Cir. 1989) 9 (emphasis added); Taggart, 139 S. Ct. at 1802; and First Bank Puerto Rico v. Barclay's Cap., Inc. (In re Lehman Bros. Holdings), 526 B.R. 481, 497 (S.D.N.Y. 2014); id. at 496 (surveying case law and noting "while a finding of willfulness may not necessarily be a prerequisite to an award of fees and costs, a finding of willfulness strongly supports them.") (citing Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996)) (emphasis added).

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court enter an order, substantially in the form of the Proposed Order submitted herewith under its inherent contempt power and Bankruptcy Code Section 105(a):

(i)     holding the Respondents in civil contempt for their violations of Bankruptcy Code Sections 362(a)(1) and (6);

(ii)    requiring the Respondents to pay the Debtor's reasonable attorneys' fees and costs incurred in connection with the Debtor's prosecution of this Motion;

(iii)   granting such other relief that the Court deems just and proper.


Dated:  White Plains, New York
        August 19, 2023

                                        Respectfully submitted,


                                BY:     */s/Linda M Tirelli*
                                        Linda M. Tirelli, Esq.
                                        Tirelli Law Group
                                        *Attorneys for the Debtor*
                                        50 Main Street, Suite 1265
                                        White Plains, New York 10606
                                        (914) 732-3222
                                        LTirelli@TirelliLawGroup.com

12