# BERRY LAW PLLC
745 FIFTH AVENUE, 5th Floor
NEW YORK, NEW YORK  10151
Phone  (212) 355-0777
Fax  (212) 750-1371

Eric W. Berry (NY)
e-mail    BerryLawPllc@gmail.com

August 4, 2023

*via the NYSCEF system:*

Hon. R. Bruce Cozzens, J.S.C.
Supreme Court of the State of New York
Nassau County, Part 1
100 Supreme Court Drive
Mineola, New York  11501

Re:  *Maidenbaum v. Cardis (Fischman Contempt Proceeding)*,
Nassau Co. Index No. 604610//2016

Your Honor:

I represent petitioner Shalom Maidenbaum in this post-judgment supplemental (collection) proceeding.

Maidenbaum respectfully requests that, following the parties' presentations of their positions at the Teams Meeting scheduled for August 9, 2023 at 2:30 pm (*see* NYSCEF 671), the Court sign the proposed order Maidenbaum filed earlier today (NYSCEF 685).  If entered, that proposed order would sever the claims against **Aaron Fischman** from those against the remaining defendants, including Choshen Israel, LLC, which filed a bankruptcy case under Chapter 11 (Reorganization) of the United States Bankruptcy Code on August 2.  *See* NYSCEF 683. The order would further direct that defendant Aaron Fischman appear at the Courthouse for a deposition on August 14, 2023 and bring with him documents that Maidenbaum previously subpoenaed (NYSCEF 685), as this Court previously ordered on August 1 (NYSCEF 679).

Predictably, the day following this Court's August 1 order, Choshen, *represented by the same bankruptcy attorney who recently appeared for Fischman* in Fischman's own short-lived bankruptcy case[1], filed a Chapter 11 petition and Mr. Fischman, as he has done many times in the past, contends that his deposition and document production should not proceed.  *See* NYSCEF 682.

Mr. Fischman's new argument is no less frivolous than his prior attempts – both here and before Justice Murphy – to avoid the oft-ordered deposition and document production.  The *Choshen* bankruptcy does *not* stay proceedings against a co-defendant, such as Mr. Fischman,

---

[1] *In re Aaron D. Fischman*, Case No. 23-35368-cgm (Bankr., S.D.N.Y.), dismissed on July 11, 2023

Hon. R. Bruce Cozzens, J.S.C.
August 4, 2023
Page 2

especially, as in this case, where the bankrupt and non-bankrupt defendants are jointly liable to the plaintiff. *Katz v. Mount Vernon Dialysis, LLC*, 121 A.D.3d 856, 857, 994 N.Y.S.2d 661, 662-663 (2d Dept. 2014) ("Where a defendant in an action files for chapter 11 bankruptcy relief, the automatic stay provisions of 11 U.S.C. § 362(a) do not extend to the non-bankrupt defendants[.]"); *Miller v. The City of New York*, 2020 WL 1902409, *4-5 (Sup. Ct., New York Co., April 15, 2020) (severance ordered following bankruptcy filing by one defendant to permit case to proceed against non-bankrupt defendant since they were jointly liable to the plaintiff).

      A severance can be ordered in the discretion of the Court, though a notice of motion for that relief has not been filed. *Marine Midland Bank, N.A. v. Cafferty*, 174 A.D.2d 932. 935, 571 N.Y.S.2d 628, 631-632 (3d Dept. 1991). Maidenbaum therefore requests that, following the Teams Meeting on August 9, the Court approve and enter the proposed order filed at NYSCEF 684.

                                  Respectfully submitted,

                                  /s/ Eric W. Berry
                                Eric W. Berry

cc: all counsel and *pro se* parties (by the ECF system)