EXHIBIT 3

SHORT FORM ORDER

## SUPREME COURT - STATE OF NEW YORK

Present: HON. R. BRUCE COZZENS - SUPREME COURT JUSTICE

---

SHALOM S. MAIDENBAUM,

                Plaintiff,

-against-

CARDIS ENTERPRISES INTERNATIONAL, B.V.,
CARDIS ENTERPRISES INTERNATIONAL, N.V.,
CARDIS ENTERPRISES INTERNATIONAL (USA), INC.
CHOSHEN ISRAEL LLC and AARON FISCHMAN,

                Defendants.

TRIAL/ IAS PART 1

NASSAU COUNTY

INDEX NO. 604610/2016

MOT. SEQ. #38

---

    The following papers read on this Order to Show Cause (Mot. #38) for Contempt of Court:

NYSCEF 639 -654

Order to Show Cause/Affidavit/Affirmation/Exhibits..................................X
Affidavit/Affirmation........................................................................................X
Reply Affidavit/Affirmation/Exhibits............................................................X

The Order to Show Cause by the Plaintiff for an Order of this Court:

    (I) Adjudging Defendant Aaron Fischman to be in criminal contempt of Court in violation of Judiciary Law § 750(A)(3) and (4)

    (ii) Adjudging Defendant Aaron Fischman to be in Civil Contempt of Court in violation of Judiciary Law § 753(A)(5)

    (iii) issuing a warrant directing the Sheriff of any County within the State of New York to arrest Defendant Aaron Fischman

    (iv) pursuant to Judiciary Law §751(1) ordering Defendant Aaron Fischman imprisoned for a term of 30 days,; and following the completion of that term of imprisonment;

(v) pursuant to Judiciary Law §774 ordering Defendant Aaron Fischman imprisoned for an additional term (not to exceed six months) until he has fully complied with his obligations under the Court's January 21, 2022 Order (the "Court Order") is hereby determined as follows:

This is a judgment enforcement action in which the Plaintiff is seeking to enforce and collect on a judgment in the principal amount of $2,576,446.78 entered on June 21, 2016. The judgment is based upon the failure to pay on a promissory note that was secured by an Affidavit of Confession of Judgment that was filed when the debtors defaulted on the promissory note.

The Court Order upon which this Order to Show Cause was brought was entered on January 21, 2022 and served on February 8, 2022. That Court Order was the decision on Motions (Seq. # 33 and #34) in this post judgment action. Motion (Seq. #33) was filed by Aaron Fischman seeking a protective order protecting him and his wife Nina Fischman from responding to outstanding *subpoenas* and having to be deposed. Motion (Seq. #34) was filed by Plaintiff seeking Criminal and Civil contempt against Nina Fischman for her failure to comply with a valid *subpoena*. The Order stated that "The application for contempt is granted to the extent that Nina and Aaron Fischman shall produce the demanded documents and appear for a deposition on or before February 28, 2022." Notification was sent to the attorney for Aaron Fischman notifying him that the deposition was scheduled for February 24, 2022. Aaron Fischman and his Counsel failed to appear.

On December 15, 2022, Aaron Fischman pled guilty to Grand Larceny in the Third Degree and fraudulent practices with respect to stocks, bonds and other securities in violation of General Business Law 352-c(5) he was sentenced to a three year conditional discharge and $2,000,000 restitution. A Check was turned over for $1,000,000 in Court by Aaron Fischman's Attorney Levi Huebner, Esq. who is also the Attorney on this matter.

It has been almost seven years since the Judgment (based upon a Confession of Judgment) was entered in this action. There has been constant avoidance of providing financial documents and failure to comply with Court Orders. Though claiming not to have funds $1,000,000. was paid to another Creditor.

Civil contempt is based upon the sound discretion of the Court based upon clear and convincing evidence. The order of this Court directing Aaron Fischman to produce the demanded documents and appear for deposition on or before February 28, 2022 was clear and unambiguous and was granted following many other Court orders issued on 32 prior motions. The order clearly was disobeyed following its entry into **NYSCEF**. The Plaintiff has been prejudiced by this offending conduct since the Plaintiff can not get the information required to enforce the judgment, *El-Dehdan v. El-Dehdan*, 114 A.D.3d 4(2d Dep't 2013), aff'd 26 N.Y.3d 19 (2015). Civil contempt allows the Court to punish by fine and imprisonment and includes circumstances such as here where the person *subpoenaed* has failed to comply (Judiciary Law §753 (A)).

The same act may be punishable both as Criminal and Civil contempt, *Town of Southampton v. R.K.B. Realty, LLC* 91 A.D.3d 628 (2d Dep't 2012). Pursuant to section 750(A)(3) and (4) the Court may find Criminal Contempt where there has been a higher degree of wilfulness and contumaciousness than is required in Civil Contempt, *Matter of Murray*, 98 A.D.2d 93 (1st Dep't 1983). A review of this Court's file, 38 motions and 654 filings in **NYSCEF** in this post judgment enforcement action, clearly shows there has been, and continues to be, wilfulness and contumaciousness on the part of Aaron Fischman in deliberately avoiding the orders of the Honorable Jerome C. Murphy and the undersigned. There have been many clear and lawful orders of this Court including the order of January 21, 2022 of which Aaron Fischman had notice and the Plaintiff has clearly been prejudiced by the failure on the part of Aaron Fischman to comply.

Instead of addressing the merits of the Order to Show Cause Counsel chose to argue regarding the service of the Order to Show Cause. The Affidavit of Service of James H. Deluca dated March 6, 2023 indicates that every attempt at personal service failed due to the efforts of Aaron Fischman to avoid service and accordingly the process server conducted nail and mail service of the Order to Show Cause. The Process Server affixed a copy to the door of the residence, 703 Carlyle Street, Woodmere, NY 11598 and on February 28, 2023 copies were mailed to 703 Carlyle Street, Woodmere, NY 11598. In addition, the attorney, Levi Huebner was served via e-mail. (**NYSCEF** 649, 650) Under the circumstances the Court finds the nail and mail service and service upon the attorney to be proper.

The Defendant has proffered no excuse for failure to comply with the multiple Court Orders including the order of the undersigned which is the subject of this motion. The underlying *subpoena* was served in June of 2017 almost six (6) years ago and in spite of the orders of Justice Murphy and the undersigned there has been no compliance whatsoever. There have been ten motions relating to the 2017 *subpoenas* including six by the Plaintiff for Contempt of Court and 4 by the Defendant seeking to quash and/or for a protective order. The conduct on the part of the Defendants is making a mockery of this Court. The Court therefore finds the Defendant Aaron Fischman guilty of Criminal Contempt of Court as well as Civil Contempt of Court. This Court may render separate imprisonments for Criminal and Civil contempt however they must run concurrently.

(CONTINUED ON NEXT PAGE)

ACCORDINGLY, THE COURT FINDS THE DEFENDANT, AARON FISCHMAN GUILTY OF BOTH CIVIL AND CRIMINAL CONTEMPT OF COURT. THE DEFENDANT AARON FISCHMAN IS SENTENCED TO THIRTY (30 DAYS) IN PRISON FOR CRIMINAL CONTEMPT OF COURT AND TWENTY (20) DAYS IN PRISON FOR CIVIL CONTEMPT OF COURT THE SENTENCE TO RUN CONCURRENTLY. DEFENDANT AARON FISCHMAN MAY PURGE HIMSELF OF CIVIL AND CRIMINAL CONTEMPT OF COURT BY APPEARING WITH ALL DEMANDED DOCUMENTS AND SUBMITTING HIMSELF TO A DEPOSITION ON TUESDAY MAY 9, 2023 AT 9:30 A.M. AT THE COURTHOUSE. AARON FISCHMAN IS TO APPEAR IN THE THIRD FLOOR COURTROOM OF THE UNDERSIGNED JUSTICE, THE HONORABLE R. BRUCE COZZENS SUPREME COURT 100 SUPREME COURT DRIVE MINEOLA, NEW YORK 11501 ON TUESDAY THE 9TH DAY OF MAY, 2023 AT 9:30 A.M. SHOULD THE DEFENDANT, AARON FISCHMAN FAIL TO COMPLY WITH THIS ORDER A WARRANT WILL ISSUE WITHOUT FURTHER NOTICE FOR THE ARREST OF AARON FISCHMAN AND AARON FISCHMAN WILL BE INCARCERATED FOR THIRTY (30) DAYS.

The NYSCEF System is instantaneous. Accordingly, this order shall be deemed served upon the Defendant Aaron Fischman upon entry of the Order by the County Clerk.

Dated: APR 25 2023

Hon. R. Bruce Cozzens
Supreme Court Justice

**ENTERED**
APR 25 2023
NASSAU COUNTY
COUNTY CLERK'S OFFICE