# EXHIBIT 6

# PROMISSORY NOTE

**$2,000,000.00**                                                                Cedarhurst, New York
                                                                                          February 23, 2015

**FOR VALUE RECEIVED**, Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), Inc. and Choshen Israel LLC (collectively, "Payor"), having an address at 445 Central Avenue, Suite 201, Cedarhurst, NY 11516-2026 promise to pay Shalom S. Maidenbaum ("Payee"), having an office at 132 Spruce Street, Cedarhurst, New York 11516 at the aforementioned address or such place as Payee or any holder hereof may from time to time designate, the principal sum of Two Million Dollars ($2,000,000.00) representing actual loans, for which Payor was in default and other good and valuable consideration, together with all interest on the outstanding principal amount at a rate of eight (8%) percent per annum, no later than April 30, 2015.

This Note shall supercede all prior Notes, other than a Note of even date covering a separate obligation by Payor in the principal sum of Two Hundred Seventy-Five Thousand Dollars ($275,000.00) (the "$275k Note"). Any default under the terms of the 275k Note shall be deemed a default under the terms of this Note.

This Note does not supercede any prior agreement granting to Payee *pari passu* treatment, entitling Payee to the greater of five (5%) percent of equity in Cardis, subject to certain non-dillution agreements, or one-half of the interest held by the Related Group as defined in those agreements.

Payee shall have the sole option to convert all or any portion of the monies then due, at the exercise of same, to equity shares in Cardis Enterprises International, B.V., Cardis Enterprises International, N.V. and Cardis Enterpirses International (USA), Inc. or any related entity then holding and/or owning the intellectual property of the Cardis aggregate payment system and any contracts awarded thereon. The exercise price shall be the lower of $0.12 per share or the lowest price offered to any other lender or investor in the Cardis entities. Additionally, for each share issued, Payor shall also issue to Payee three (3) warrant shares, each equal to a full share of common stock at the same price as the shares purchased.

If the Payor shall fail to make the payment as herein provided, or if Payor shall default upon any obligation contained in any other promissory note or agreement in which it or the guarantor hereunder are obligors, or if Payor shall make any assignment for the benefit of creditors, or if meeting of creditors is convened or a committee of creditors is appointed for, or any petition or proceeding for any relief under any bankruptcy, reorganization, arrangement, insolvency, readjustment of debt, receivership, liquidation or dissolution law or statute now or hereinafter in effect (whether at law or in equity) is filed or commenced by or against, the Payor or any property of the Payor, or if any trustee or receiver is appointed for the Payor or any such property, then, and in any such event, in addition to all rights and remedies Payee may otherwise have, all such rights being deemed cumulative and not exclusive and enforceable alternatively, successively and concurrently, the Payee may, at his sole option, declare all amounts owing under this note to be due and payable, whereupon the maturity of the then unpaid balance thereof shall be accelerated and the

same, together with all interest accrued thereon, shall be forthwith become due and payable. Moreover, Payor shall be obliged to advise Payee of any loan or investment by the aforementioned Charles Alpert and/or Leslie Adelman, and their failure to do so shall be deemed to be an event of default hereunder. Payor shall also be obliged to immediately advise Payee of the conversion rate to be exercised and/or offered to Charles Alpert and/or Leslie Adelman. Further, any default in payment to a Ninety Thousand Dollar ($90,000.00) made to Cardis, whether directly or indirectly, by Anthony J. Montilli, in or about December 2014, shall be deemed to be a default herein. Immediately upon the occurrence of any event listed in the first sentence of this paragraph, and without any notice to Payor, interest shall accrue on the entire unpaid principal balance of this Note at the rate of twenty-four (24%) percent per annum, or the highest rate allowable by law, whichever is less, for said occurrence until paid in full. Moreover, in the event of a default, Payee shall be entitled, as part of the exercise of his conversion option to receive four warrants for each share converted at the prices previously set forth herein.

Payor waives presentation of this original Note for the payment of the debt required hereunder. The Payor and all endorsers, guarantors and sureties hereof hereby severally waive diligence, demand, presentment, protest and notice of any kind, and assent to extensions of the time of payment, release, surrender or substitution of security, or forbearance or other indulgence, without notice.

This Note may not be changed, modified or terminated orally, but only by an agreement in writing signed by the party to be charged.

In the event the Payee or any holder hereof shall refer this Note to an attorney for collection, the Payors agree to pay, in addition to unpaid principal and interest, all the costs and expenses incurred in attempting or effecting collection hereunder, including, but not limited to, reasonable attorneys' fees, whether or not suit is instituted.

In the event of any litigation with respect to this Note, the Payors waive the right of trial by jury and waives all rights of setoff, claim, counterclaim or defense. The Payors hereby irrevocably consent to the jurisdiction of the courts of the State of New York and any Federal court located in such State in connection with any action or proceeding arising out of or relating to this Note.

This Note shall be governed by the laws of the State of New York.

This Note may be prepaid, in whole or in part, at any time prior to the due date.

This Note is in addition to an additional Note of even date in the principal sum of Two Million Dollars ($2,000,000.00) (the "2Mil Note"), which note covers prior principal loans from Payee to Payor and other good and valuable consideration. Any default under the 2Mil Note shall also be deemed to be a default under this Note.

IN WITNESS WHEREOF, the makers have duly executed this Note on the date first above written.

| | |
|---|---|
| **CARDIS ENTERPRISES INTERNATIONAL, B.V.** | **CARDIS ENTERPRISES INTERNATIONAL (USA), INC.** |
| By: _____ <br> AARON FISCHMAN <br> Director | By: _____ <br> AARON FISCHMAN <br> President |
| **CARDIS ENTERPRISES INTERNATIONAL, N.V.** | **CHOSHEN ISRAEL LLC** |
| By: _____ <br> AARON FISCHMAN <br> Director | By: _____ <br> AARON FISCHMAN <br> Managing Member |

## GUARANTY

The undersigned hereby irrevocably agrees to guaranty payment of this Note under all the covenants and conditions contained therein, including, without limitation, the waiver of the right of trial by jury and waives all rights of setoff, claim, counterclaim or defense. Guarantor hereby irrevocably consent to the jurisdiction of the courts of the State of New York and any Federal court located in such State in connection with any action or proceeding arising out of or relating to this Note. Guarantor shall also be responsible for all the costs and expenses incurred in attempting or effecting collection hereunder, including, but not limited to, reasonable attorneys' fees, whether or not suit is instituted.

_____
AARON FISCHMAN
Guarantor

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NASSAU    )

On this 23rd day of February, 2015, before me personally came AARON FISCHMAN to me known, who being duly sworn, did depose and say that he resides in Woodmere, New York, that he executed the foregoing instrument and acknowledged to me that he did the same.

JONATHAN A. STEIN
Notary Public, State of New York
No. 02ST4755192
Qualified in Nassau County
Commission Expires February 28, 20__

_____
Notary Public