# EXHIBIT 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU:  CRIMINAL TERM PART 90
- - - - - - - - - - - - - - - - - - - -x
THE PEOPLE OF THE STATE OF NEW YORK,

     -against-                  Indictment No.
                             70327-20/001
                             00636N-2020
AARON D. FISCHMANN,
                  Defendant.
- - - - - - - - - - - - - - - - - - - -x

                  December 15, 2022

                  262 Old Country Road
                  Mineola, New York

B E F O R E:

          HONORABLE FRAN RICIGLIANO
          Acting Supreme Court Justice

A P P E A R A N C E S:

          STATE OF NEW YORK OFFICE OF THE
          ATTORNEY GENERAL LETITIA JAMES
          Criminal Enforcement & Financial
          Crimes Bureau
          28 Liberty Street
          New York, New York 10005
    BY: DAVID A. VARGAS, Assistant Attorney General
        HUGH McLEAN, Assistant Attorney General

          KASOWITZ BENSON TORRES, LLP
          Attorneys for the Defendant
          1633 Broadway
          New York, New York 10019
    BY: EDWARD McNALLY, ESQ.
        DANIEL J. KOEVARY, ESQ.

          LEVI HUEBNER & ASSOCIATES, PC
          Attorneys for the Defendant
          488 Empire Boulevard, Suite 100
          Brooklyn, New York 11225
    BY: LEVI HUEBNER, ESQ.

               Mickey Brymer, RPR, Senior Court Reporter

1          THE CLERK:  We are on the record with

2    indictment 70327-20, which covers indictment 636N-20, as

3    well as docket number CR 021052-22 NA, the People versus

4    Aaron Fischmann.

5          Appearances, please, for the record.

6          MR. VARGAS:  David Vargas for the Office of

7    the New York State Attorney General.

8          MR. McLEAN:  Also from the New York State

9    Attorney General, Hugh L. McLean.

10          MR. McNALLY:  Edward McNally for the defendant

11    Aaron Fischmann, who's present in court.

12          MR. KOEVARY:  Also for Mr. Fischmann, Daniel

13    Koevary, Kasowitz Benson Torres.

14          Good afternoon, your Honor.

15          THE COURT:  Good afternoon.

16          MR. HUEBNER:  Also for the defendant, Levi

17    Huebner, Levi Huebner & Associates, PC, for Aaron

18    Fischmann.

19          Good afternoon, your Honor.

20          THE COURT:  Good afternoon.

21          Are you Aaron Fischmann?

22          THE DEFENDANT:  I am.

23          THE CLERK:  A new accusatory instrument has

24    been filed and we will arraign the defendant on it.

25          Mr. Fischmann, you have the right to the aid

1    of counsel in every stage of these proceedings.

2          You're entitled to communicate free of charge

3    in order to obtain a lawyer or inform a relative or

4    friend that you have been charged with an offense.

5          If you wish the aid of a lawyer, your case

6    will be adjourned in order for you to obtain a lawyer.

7    If you wish the aid of a lawyer and cannot afford one,

8    you will be screened by the Court.

9          An attorney is here today to assist you with

10    your arraignment and bail application.  Those released

11    on bail are on their own recognizance or in the custody

12    of another.  You are advised if you fail to appear when

13    the Court so directs, you may be subject to additional

14    charges and the case may proceed in your absence.

15          In the event you commit a crime while you are

16    out on bail or at liberty, the Court may revoke your

17    bail or liberty pending a hearing.

18          The New York State Office of the Attorney

19    General has filed a felony complaint against you for the

20    crimes of fraudulent practices in respect to stocks,

21    bonds and other securities, in violation of General

22    Business Law Section 352-c(5).

23          How do you plead; guilty or not guilty.

24          MR. McNALLY:  The defendant pleads guilty.

25          THE COURT:  Let's go off the record.

1           MR. McNALLY:  The defendant pleads not guilty.

2           THE COURT:  Let's not go off the record.

3           THE CLERK:  Aaron Fischmann, I have been

4    instructed by the Honorable Fran Ricigliano, sitting as

5    a local criminal court judge, to advise you that you

6    have the right to a felony hearing on the charges

7    contained in this felony complaint.

8           Do you waive the right to that felony

9    examination and consent to this case being held for the

10   action of the grand jury?

11          THE DEFENDANT:  Yes, I do.

12          THE COURT:  Waiver is accepted.

13          THE CLERK:  The New York State Office of the

14   Attorney General has filed a superior court information

15   against you.  Under the Constitution of the State of

16   New York you have the right to be prosecuted by

17   indictment.  Do you wish to waive that right and proceed

18   by superior court information?

19          THE DEFENDANT:  Yes, I do.

20          THE CLERK:  I will ask you to sign it.

21          Let the record reflect the waiver of

22   indictment has been signed by the defendant and counsel.

23          THE COURT:  Sir, you've indicated you want to

24   proceed by way of a superior court information,

25   otherwise known as an SCI, rather than an indictment.

1    An SCI and an indictment are the same, in that each is a

2    written document which charges a person with a crime.

3    The difference between the two is that an indictment is

4    issued by a grand jury after the jury has received

5    testimony and other evidence establishing that a person

6    committed a crime, an SCI is issued by the district

7    attorney on the consent of a defendant.

8              Do you understand?

9              THE DEFENDANT:  I do.

10             THE COURT:  Have you spoken with your lawyer

11    about your case, about waiving your right to be

12    prosecuted by indictment and about consenting to be

13    prosecuted by an SCI?

14             THE DEFENDANT:  I have.

15             THE COURT:  Are you satisfied with the

16    services of your lawyer?

17             THE DEFENDANT:  I am.

18             THE COURT:  Upon waiving prosecution by

19    indictment and agreeing to be prosecuted by an SCI, you

20    will be permitted a plea agreement which I understand is

21    about to be placed on the record.

22             Do you understand that?

23             THE DEFENDANT:  Yes.

24             THE COURT:  I have before me a document

25    entitled "Waiver of Indictment."  This waiver form in

1    essence specifies you have the right to consent to be

2    prosecuted by indictment, that you waive such right and

3    consent to be prosecuted by SCI, that the SCI will have

4    the same force and effect as an indictment, and that the

5    SCI will charge you with the crime of fraudulent

6    practice in respect to stocks, bonds and other

7    securities.  That's a violation of Section 362-c(5) of

8    the General Business Law of the State of New York.

9            Do you understand?

10           THE DEFENDANT:  I do.

11           THE COURT:  Is that your signature on this

12   waiver of indictment form?

13           THE DEFENDANT:  It is.

14           THE COURT:  Have you gone through it with your

15   attorney?

16           THE DEFENDANT:  Yes, I have.

17           THE COURT:  Let the record show the defendant

18   has signed the waiver of indictment form here in open

19   court.

20           Mr. McNally, have you witnessed that

21   signature?

22           MR. McNALLY:  Yes, I did.

23           THE COURT:  Other than the plea agreement has

24   anyone made any other promise, commitment or

25   representation of any kind to get you to consent to

1    prosecution by SCI?

2                THE DEFENDANT:  No.

3                THE COURT:  Has anyone threatened or forced

4    you to consent against your will?

5                THE DEFENDANT:  No.

6                THE COURT:  Have I, a lawyer or anyone else

7    said anything to you to have you consent against your

8    will?

9                THE DEFENDANT:  No.

10               THE COURT:  Are you consenting, therefore,

11   voluntarily, of your own free will and choice?

12               THE DEFENDANT:  I am.

13               THE COURT:  The Court being satisfied that the

14   waiver complies with the law and that the defendant's

15   waiver is knowing, intelligent and voluntary, the Court

16   approves the waiver and signs the order accordingly.

17               THE CLERK:  Aaron Fischmann, the

18   New York State Office of the Attorney General has filed

19   superior court information 1569N-22 for the crime of

20   fraudulent practice in respect to stocks, bonds and

21   other securities in violation of General Business Law

22   Section 352-c(5).

23               You're advised of your right to counsel

24   throughout all stages of these proceedings and you're

25   also advised that if you have any prior felony

1    convictions, you may be subject to a mandatory term of

2    imprisonment.

3              How do you plead; guilty or not guilty?

4              THE DEFENDANT:  I plead guilty -- not guilty.

5              THE CLERK:  Do the People have an application?

6              MR. VARGAS:  Your Honor, at this --

7              THE COURT:  One second.  Off the record.

8              (Discussion held off the record.)

9              THE COURT:  Let's go back on the record.

10             MR. McNALLY:  Your Honor, we would now like to

11   make a motion pursuant to CPL Section 200.20 to

12   consolidate the superior court information number

13   SCI 1569N of '22 with indictment 636 of 2020.

14             THE COURT:  Any objection to that?

15             MR. VARGAS:  No, your Honor.

16             THE COURT:  Okay.  The motion is granted and

17   the SCI is consolidated and made count 21.

18             People, do you have any applications?

19             MR. VARGAS:  Yes, your Honor.

20             The People and the defense have come to an

21   agreement which we request the Court to accept, which

22   includes the defendant pleading guilty to the crimes of

23   grand larceny in the third degree, a class D felony --

24             THE COURT:  I'm sorry to interrupt Mr. Vargas.

25   I apologize.

1            Before we move forward, as I indicated to

2     counsel, my chambers received a call from Mr. Gordon,

3     who had indicated that -- he asked the Court if it had

4     received a victim impact statement.  Is Mr. Gordon a

5     victim in this case?

6            MR. VARGAS:  Mr. Gordon is not a victim in

7     this case.

8            THE COURT:  Do the People have any impact

9     statements that they wish to furnish at this time?

10           MR. VARGAS:  We do not.

11           THE COURT:  Just to be clear, Mr. Gordon is

12     not one of the complainants in this criminal action?

13           MR. VARGAS:  Mr. Gordon is not a complainant

14     in this criminal matter.

15           THE COURT:  Okay.  Please proceed.

16           MR. VARGAS:  The People and the defense have

17     come to an agreement which we ask the Court to accept,

18     which includes the defendant pleading guilty to the

19     crimes of grand larceny in the third degree, a class D

20     felony, a lesser included offense of count four on the

21     indictment, which is grand larceny in the second degree

22     and fraudulent practices in respect to stocks, bonds and

23     other securities, a class E felony, also known as a

24     Martin Act Scheme charge, which is count 21, in full

25     satisfaction of indictment 636N-20.

1          The People and the defendant have reached a

2     global resolution with the Attorney General's Office.

3     The defendant and the Attorney General's Investor

4     Protection Veto agreed the civil enforcement action

5     captioned "The People of the State of New York versus

6     Aaron D. Fischmann et al.," currently pending against

7     the defendant in New York State Supreme Court, New York

8     County, under index number 452343/2018, has been

9     resolved with the defendant consenting to the entry of

10    an order and judgment, including a five-year ban from

11    the securities industry in New York State.

12          If I may --

13          THE COURT:  Sure.

14          MR. VARGAS:  -- continue?

15          At the time of the defendant's sentencing in

16    the criminal case, according to the plea terms, the

17    New York Attorney General's Office and defendant will

18    make sentencing recommendation to the Court that the

19    defendant be sentenced to a conditional discharge for a

20    term of three years, including special conditions that

21    the defendant make restitution in the total amount of

22    two million dollars, and the defendant consents to being

23    enjoined from participating in any capacity in the

24    securities industry in New York State for the period of

25    three years, commencing on the date of defendant's

1    sentence.

2                   Your Honor, if I may, the People would like to

3    make an application for the Court to consider sentencing

4    the defendant to a conditional discharge.

5                   THE COURT:  Why are you seeking to have this

6    defendant sentenced to a conditional discharge rather

7    than a probationary sentence or incarceration sentence?

8                   MR. VARGAS:  Your Honor, the People urge the

9    Court to sentence the defendant to a conditional

10   discharge because the People believe that consideration

11   of the defendant's lack of criminal history and our

12   review of the facts, case law and pending motions in

13   front of your Honor, which have called into issue the

14   availability of all of the counts in the indictment

15   available at trial, as well as the uncertainty of trial,

16   and, in addition, one million dollars in restitution is

17   being paid today by the defendant which will be

18   immediately available to the Attorney General's Office

19   to distribute pro rata to the complainants in both the

20   criminal and civil action.

21                  This initial payment, the initial restitution

22   payment has been thoroughly vetted by the Attorney

23   General's Office by way of reviewing financial records

24   and conducting interviews of witnesses that defense

25   counsel has provided to our office.

1           Under all of those circumstances that the

2   People view this case in, we now urge the Court sentence

3   the defendant to a conditional discharge with the

4   special conditions previously stated.

5           Just to be clear, the restitution payment, the

6   funds for this initial restitution payment has been

7   vetted by our office and we found the monies -- the

8   funds are not from the crime that is alleged to have

9   been committed in this case.

10          THE COURT:  You had said two million dollars

11  and one million dollars today.  What about the other

12  million?

13          MR. VARGAS:  Yes, your Honor.  The defendant

14  will make restitution -- I'm sorry, the defendant will

15  consent to pay a restitution order for two million

16  dollars, payable as follows:

17          Defendant will make the initial restitution

18  payment in the amount of one million today, the day of

19  sentencing -- the defendant will make additional

20  restitution payment in the amount of one million dollars

21  within three years, commencing on the date the defendant

22  is sentenced under this indictment and the terms of the

23  conditional discharge that's being considered.

24          Defendant's restitution payments will be paid

25  by either bank check or attorney escrow account check

1     made payable to Office of the New York State Attorney

2     General and delivered by hand or overnight delivery to

3     Assistant Attorney General David Vargas, the 14th floor,

4     28 Liberty Street, New York 10005.

5              THE COURT:  Is there a signed restitution

6     agreement by the defendant to pay in accordance with

7     that schedule and under those terms?

8              MR. VARGAS:  There is not a signed agreement,

9     but defense counsel and the Attorney General's Office

10    are in agreement with that restitution payment.

11             Mr. McNALLY:  That is correct, your Honor.

12             MR. VARGAS:  We would also like to add if the

13    defendant fails to make that restitution payment, the

14    conditional discharge sentence may be revoked and he

15    faces time of imprisonment.  That same revocation and

16    possible term of imprisonment also applies to the other

17    special condition regarding the securities ban.

18             THE COURT:  Is there any waivers to the right

19    to appeal?

20             MR. VARGAS:  Yes, your Honor.

21             THE COURT:  Have the People certified

22    discovery in this case?

23             MR. VARGAS:  Yes, your Honor, People certified

24    discovery in December 2020 and filed a statement of

25    readiness.

1              THE COURT:  Can counsel approach, please.

2              (Off-the-record discussion held at the bench.)

3              THE COURT:  Does the defense acknowledge that

4      certification?

5              MR. McNALLY:  We do, your Honor.

6              THE COURT:  Do you contest it in any way?

7              MR. McNALLY:  We do not, your Honor.

8              THE COURT:  Anything else?

9              MR. VARGAS:  Just for the record, the

10     two million dollars in restitution, the total amount

11     will be distributed by the Attorney General's Office

12     pro rata to eligible investors in both the criminal

13     indictment 63N-20 and civil complaint under index

14     452343/2018.

15             THE COURT:  And does the defense join in that

16     application?

17             MR. McNALLY:  We do, your Honor.

18             MR. HUEBNER:  We do, your Honor.

19             (The defendant was duly sworn/affirmed by the

20     Court.)

21             THE COURT:  Do you swear and affirm everything

22     you said so far is true?

23             THE DEFENDANT:  I do.

24             THE COURT:  What is your name and address?

25             THE DEFENDANT:  Aaron Fischmann, 703 Carlisle

1      Street, Woodmere, New York 11598.

2              THE COURT:  Does defense counsel withdraw all

3      motions pending or previously ruled upon in this

4      proceeding?

5              MR. McNALLY:  We do, your Honor.

6              MR. HUEBNER:  We do, your Honor.

7              THE COURT:  Mr. Fischmann, I will be asking

8      you additional questions.  If at any time you do not

9      understand my questions, let me know you don't

10     understand, okay.

11             THE DEFENDANT:  Yes.

12             THE COURT:  You can stop me and ask me or your

13     attorney questions during the course of my questioning

14     at any time.

15             Do you understand that?

16             THE DEFENDANT:  I do.

17             THE COURT:  Have you fully discussed the facts

18     of this case with your attorneys?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Counsel, have those discussions in

21     fact taken place?

22             MR. McNALLY:  Yes, they have, your Honor.

23             MR. HUEBNER:  Yes, your Honor.

24             THE COURT:  How old are you, sir?

25             THE DEFENDANT:  I'm sorry.

1            THE COURT:  How old are you?

2            THE DEFENDANT:  I'm 60 years old.

3            THE COURT:  What is the highest grade level

4      you have completed in school?

5            THE DEFENDANT:  Fourth year college.

6            THE COURT:  Do you read and write English?

7            THE DEFENDANT:  I do.

8            THE COURT:  Are you a United States citizen?

9            THE DEFENDANT:  I am.

10            THE COURT:  Do you feel like you're in good

11      physical and mental health as you sit here today?

12            THE DEFENDANT:  Yes.

13            THE COURT:  Have you had any alcohol or drugs

14      within the last 24 hours?

15            THE DEFENDANT:  No.

16            THE COURT:  Have you had enough time to speak

17      with your attorney before pleading guilty here today?

18            THE DEFENDANT:  Yes, I have.

19            THE COURT:  Are you satisfied with the manner

20      in which your attorney has represented you?

21            THE DEFENDANT:  I am.

22            THE COURT:  Now, do you understand that you

23      have the right to a trial by jury with the assistance of

24      your attorney and the district attorney would have to

25      prove your guilt beyond a reasonable doubt?

1          THE DEFENDANT:  I do.

2          THE COURT:  And that you have the right to

3     listen to the witnesses against you and to have your

4     attorney cross-examine those witnesses.

5          THE DEFENDANT:  Yes.

6          THE COURT:  And that you would not have to

7     take the stand and testify.

8          THE DEFENDANT:  Yes.

9          THE COURT:  And that you have no burden in

10    this case.  It is the People' burden to prove your guilt

11    beyond a reasonable doubt to each and every element of

12    the charged crimes and you are presumed innocent

13    throughout the trial.

14         THE DEFENDANT:  Yes.

15         THE COURT:  And that you have the right to

16    bring in your own witnesses to testify on your behalf.

17         THE DEFENDANT:  Yes.

18         THE COURT:  And that by pleading guilty you

19    give up these rights.

20         THE DEFENDANT:  Yes.

21         THE COURT:  And that a plea of guilty is the

22    same as a conviction after trial.

23         THE DEFENDANT:  Yes.

24         THE COURT:  Has anyone made any threats or in

25    any way tried to force you to plead guilty?

1          THE DEFENDANT:  No.

2          THE COURT:  Now, a defendant ordinarily

3   retains the right to appeal even after pleading guilty.

4   But in this case, as a condition of the plea agreement,

5   you're being asked to waive your right to an appeal.

6          THE DEFENDANT:  Yes.

7          THE COURT:  An appeal is a proceeding before a

8   higher court, an appellate court.  If a defendant can't

9   afford the costs of an appeal or of a lawyer, the State

10  will pay the costs on an appeal.

11         The defendant may normally through his or her

12  lawyer argue an error took place in the court which

13  requires a modification or reversal of conviction.  A

14  reversal would require either new proceedings in this

15  court or a dismissal.

16         Do you understand that?

17         THE DEFENDANT:  Yes.

18         THE COURT:  By waiving your right to appeal

19  you don't give up your right to take an appeal by filing

20  a notice of appeal with this Court and the district

21  attorney within 30 days of sentence.  But if you take an

22  appeal, you are by this waiver giving up the right to

23  have an appellate court consider most claims of error

24  and whether the sentence imposed, whatever it may be, is

25  excessive and should be modified.  As a result, a

1    conviction by this plea and sentence will normally be

2    final.

3              Do you understand that?

4              THE DEFENDANT:  I do.

5              THE COURT:  Have you spoken with your attorney

6    about waiving your right to appeal?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Are you willing to do so in return

9    for the plea and sentence agreement?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Do you waive your right to appeal

12   voluntarily and of your own free will and choice?

13             THE DEFENDANT:  Yes.

14             THE COURT:  And, defense counsel, do you have

15   or have you received adequate information through

16   discovery and otherwise to intelligently advise your

17   client in this matter?

18             MR. McNALLY:  Yes, your Honor, we have.

19             MR. HUEBNER:  Yes, your Honor, we have.

20             THE COURT:  Sir, have you previously been

21   convicted of a felony?

22             THE DEFENDANT:  No.

23             THE COURT:  Do you understand you're pleading

24   guilty to a felony here today and if you're convicted of

25   a new felony under the New York State Penal Law at any

1    time within the next ten years, the court must impose a

2    mandatory term of imprisonment?

3                    THE DEFENDANT:  Yes.

4                    THE COURT:  Are you currently on probation or

5    parole?

6                    THE DEFENDANT:  No.

7                    THE COURT:  Under this indictment that's now

8    been consolidated with the SCI you're charged with the

9    following crimes:  These are the original charges, not

10    the reduced charges that the Attorney General just

11    stated.  The original charges.

12                    One count of grand larceny in the first

13    degree, a B felony, which carries a maximum jail

14    sentence of 25 years;

15                    Four counts of grand larceny in the second

16    degree, these are C felonies, maximum jail 15 years;

17                    Four counts of grand larceny in the third

18    degree, these are D felonies, maximum jail sentence

19    seven years;

20                    One count of money laundering in the second

21    degree, this is a C felony, maximum jail sentence 15

22    years;

23                    Nine counts of violation of General Business

24    Law Section 3502-c(6).  These are each A misdemeanors.

25                    Off the record.

1          (Discussion held off the record.)

2          THE COURT:  I misspoke, I'm sorry.

3          Nine counts of violation of General Business

4     Law 352-c(6).  These are each E felonies that carry

5     maximum jail sentences of four years.

6          One count of scheme to defraud in the first

7     degree, E felonies, maximum jail four years;

8          And, finally, consolidated count, violation of

9     General Business Law 352-c(5), and that is an E felony

10    with a maximum jail sentence of four years.

11         Do you understand the original charges and the

12    jail that would normally be accompanying those original

13    charges?

14         THE DEFENDANT:  I do.

15         THE COURT:  The Attorney General has made a

16    plea offer wherein they are reducing those original

17    charges, they are dismissing all of the charges except

18    the one count of grand larceny in the third degree,

19    which is a D felony that carries maximum jail sentence

20    of seven years and one count of General Business Law

21    352-c(5), which is an E felony which is a maximum jail

22    sentence of four years.

23         Were you to accept that plea, the Attorney

24    General has asked me under these exceptional

25    circumstances to sentence you to a conditional discharge

1    with two million dollars in restitution paid in the

2    forms set forth and in accordance with the requirements

3    set forth by Mr. Vargas.

4              There would also be a five-year ban --

5              MR. HUEBNER:  Three in the criminal case, your

6    Honor, and five in the civil case.

7              THE COURT:  Okay.  In this case there would be

8    a three-year ban, in the criminal case, from being

9    associated with any broker-dealer, investment adviser,

10   municipal securities dealer, municipal adviser, transfer

11   agent or nationally recognized statistical rating

12   organization in the sale of securities or commodities

13   within or from the State of New York in any capacity.

14             There would also be applicable surcharges and

15   a DNA fee.

16             Do you understand this commitment as to your

17   sentence?

18             THE DEFENDANT:  I do.

19             THE COURT:  On the basis of the statements

20   made by the Attorney General, including the statements

21   concerning proof issues and the amount of money being

22   paid in this case and the ban on the securities, the

23   Court will agree to the request that you be sentenced in

24   this fashion.

25             Other than this commitment, has anyone made

1   any different promises to you?

2            THE DEFENDANT:  No, sir.

3            THE COURT:  Do you also understand that if you

4   don't pay the restitution in the manner set forth by the

5   Assistant Attorney General Mr. Vargas within the three

6   year conditional discharge period, you will violate that

7   conditional discharge?  If you are found to have

8   violated that conditional discharge, you will be

9   sentenced to seven years incarceration.

10           Do you understand that?

11           THE DEFENDANT:  I do.

12           THE COURT:  Do you also understand if you

13  violate the agreement and the part of the conditional

14  discharge dealing with your securities ban I just went

15  through with you, you will be sentenced to seven years,

16  if you are found to have violated that?

17           Do you understand that?

18           THE DEFENDANT:  Yes.

19           THE COURT:  Is all that acceptable to you?

20           THE DEFENDANT:  It is.

21           THE COURT:  Other than these promises, has

22  anyone made any different promises to you?

23           THE DEFENDANT:  No, your Honor.

24           MR. HUEBNER:  Your Honor, may we approach?

25           MR. KOEVARY:  Your Honor, may we approach for

1    a moment?

2              THE COURT:  Sure.

3              (Off-the-record discussion held at the bench.)

4              THE COURT:  Sir, I indicated if you violate

5    the conditional discharge you would be sentenced to

6    seven years.  You would be sentenced to up to seven

7    years.

8              Do you understand that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  I suggest really strongly you

11   don't violate the conditional discharge.

12             Do you understand that?

13             THE DEFENDANT:  I do.

14             THE COURT:  Which count is the grand larceny

15   count?

16             MR. VARGAS:  It is count four.

17             THE COURT:  Between on or about May 3rd, 2013

18   and September 26, 2016, in the County of Nassau, State

19   of New York and elsewhere, did you wrongfully take and

20   steal property from Thomas Eisenberg?

21             THE DEFENDANT:  I did.

22             THE COURT:  Did you intend to deprive Thomas

23   Eisenberg of that property?

24             THE DEFENDANT:  I did.

25             THE COURT:  Did that property exceed $3,000?

1          THE DEFENDANT:  Yes.

2          THE COURT:  And was that stolen property money

3     invested into Cardis?

4          THE DEFENDANT:  Yes.

5          THE COURT:  As to what's now count 21, between

6     on or about January 24, 2013 and December 27, 2017, in

7     the County of Nassau, State of New York and elsewhere,

8     did you intentionally engage in a scheme constituting a

9     systematic ongoing course of conduct with the intent to

10    obtain property from ten or more persons by false

11    pretenses, representations or promises?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Did those ten or more persons

14    include Leslie Edelman, Kimber Manufacturing,

15    A. Edelman Trust, H. Edelman Trust, S. Edelman Trust,

16    Charles Alpert, Cam Co., David Kippen, Barry McDonald,

17    Thomas Eisenberg, Benjamin Brafman, Alpine Vista Fund,

18    Laurence Sorkin, Matthew Ackerman/Knott Direct Inc.,

19    John Wagner, Lawrence Rein, Elie Rieder/V-1 LLC, Daniel

20    Feinberg, and Brian LeBlanc, among others?

21         THE DEFENDANT:  Yes.

22         THE COURT:  In engaging in such scheme did you

23    use false pretenses, representations or promises?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Using such means did you obtain

1   property from one or more persons while engaged in

2   inducing or promoting the issuance, distribution,

3   exchange, sale, negotiation or purchase of any

4   securities or commodities?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Was Thomas Eisenberg one such

7   person from whom you obtained property?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Now, everything you told me today

10  has been under oath.  Is everything you said the truth?

11           THE DEFENDANT:  Yes.

12           THE COURT:  The Court is satisfied that the

13  defendant understands the nature of the charges, the

14  nature of the plea and the possible consequences of the

15  plea, that he's discussed his legal rights with his

16  attorney and that he understands he's waiving his

17  constitutional rights.

18           The Court is further satisfied the defendant

19  has acknowledged his guilt and the Court believes that

20  it is in the interest of justice to accept this plea

21  from this defendant.

22           THE CLERK:  Aaron Fischmann, do you now wish

23  to withdraw your previously entered plea of not guilty

24  and enter a plea of guilty to grand larceny in the third

25  degree and now added count 21, fraudulent practices in

1      respect to stocks, bonds and other securities, in full

2      satisfaction of indictment 70327-20?

3                    THE DEFENDANT:  Yes.

4                    THE CLERK:  How do you plead?

5                    THE DEFENDANT:  Guilty.

6                    THE CLERK:  Guilty plea is entered.

7                    THE COURT:  Are the People asking the Court to

8      order a presentence report?

9                    MR. VARGAS:  No, your Honor.  The People are

10     requesting that the presentence report be waived.

11                   THE COURT:  Defense, are you requesting I

12     order a presentence report?

13                   MR. McNALLY:  We are not, your Honor.

14                   MR. HUEBNER:  No, your Honor.

15                   THE COURT:  In as much as both sides have

16     waived the presentence report, do the People wish to be

17     heard before I impose sentence?

18                   MR. VARGAS:  No, your Honor.  Just want to

19     bring to the Court's attention the waiver of appeal.

20                   THE COURT:  He waived his appeal on the

21     record.  If you want to execute a document, you can do

22     that as well.

23                   MR. VARGAS:  Handing to counsel.

24                   THE COURT:  While counsel is looking at that,

25     just so that the record is clear, I advised counsel off

1    the record of the fact that Mr. Gordon called chambers.

2    I didn't speak to him, he spoke to my chambers, and I

3    did not receive any correspondence to show counsel or

4    any statement to show counsel.  I just told them in

5    court.

6            Acknowledged?

7            MR. VARGAS:  Yes, acknowledged.

8            MR. McNALLY:  That's the defendant's

9    understanding, your Honor.

10           MR. HUEBNER:  Thank you.

11           THE COURT:  Do the People wish to be heard any

12   further?

13           MR. VARGAS:  Just to place on the record that

14   I have received the two-page waiver of appeal and it

15   appears that it has been executed by Mr. Fischmann and

16   his attorneys Mr. McNally and Mr. Huebner.

17           I'm not sure if your Honor will go over this

18   in regards to the restitution order, but just that the

19   defendant will agree to waive restitution hearing since

20   we have an agreement in regards to the restitution

21   payment.

22           THE COURT:  Sir, do you waive any restitution

23   hearing?

24           THE DEFENDANT:  Yes.

25           THE COURT:  And agree to pay this restitution

1    in the manner you've set forth?

2                    THE DEFENDANT:  I do.

3                    MR. HUEBNER:  Your Honor, I would like to

4    place on the record I'm now handing attorney escrow --

5                    THE COURT:  I haven't sentenced him yet in the

6    first instance.

7                    MR. HUEBNER:  Sorry.  Thank you.

8                    THE COURT:  Does defense counsel wish to be

9    heard?

10                   MR. McNALLY:  No, your Honor.

11                   THE COURT:  Would you like to be heard,

12   Mr. Huebner, before I ask the client if he wants to be

13   heard?

14                   MR. HUEBNER:  No, your Honor.

15                   THE COURT:  Sir, do you wish to be heard

16   before I impose sentence on you?

17                   THE DEFENDANT:  No.

18                   THE COURT:  Sentence is as follows:

19                   On count one, three-year conditional discharge

20   with two million dollars in restitution.  One million

21   dollars to be paid today to the Attorney General's

22   Office, one million dollars to be paid over the course

23   of the conditional discharge in the manner set forth by

24   Mr. Vargas.

25                   There is also a three-year ban.  The defendant

1    during the terms of the conditional discharge is

2    enjoined from acting as or being associated with any

3    broker-dealer, investment adviser, municipal securities

4    dealer, municipal adviser, transfer agent or nationally

5    recognized statistical rating organization in the sale

6    of securities or commodities within or from the State of

7    New York in any capacity for a period of three years

8    from today.  That's on count four.

9          There's also a $300 surcharge, $25 CVA, $50

10    DNA fee.  Defendant has until February 14, 2023 to make

11    those surcharge payments.

12          On count 21 there is a three-year conditional

13    discharge.  Also, as part of that conditional discharge,

14    the same restitution paid in the same manner and the

15    same surcharge payment.

16          Failure to pay the restitution in that manner,

17    failure to abide by the securities ban in that manner,

18    failure to obey any of the other conditions of the

19    conditional discharges will result in a violation of the

20    conditional discharge.  And they run concurrent.

21    Conditional discharge and all the associated obligations

22    run concurrent.

23          Finally, Mr. Fischmann, do you own or possess

24    any guns, rifles or firearms?

25          THE DEFENDANT:  No, I don't.

1                THE COURT:  There is a $50 DNA fee, there is a

2       court order for DNA which I've signed.

3                MR. HUEBNER:  Your Honor --

4                THE COURT:  Go ahead.

5                MR. HUEBNER:  Your Honor, if I may, I will

6       present in open court from my attorney trust account the

7       funds that the Attorney General vetted that have been

8       placed in my attorney trust account and those funds are

9       in the sum of one million dollars.  I am now handing

10      over to the People by check from my attorney escrow

11      account in the amount of one million dollars, payable to

12      the Office of the New York State Attorney General, check

13      dated today, December 15, 2022, for restitution, the

14      first branch of Mr. Fischmann's restitution on this

15      matter, your Honor, indictment 636N of 2020.  I'm

16      handing it over to Mr. Vargas.

17                Mr. Vargas, can you please acknowledge this.

18                MR. VARGAS:  Yes, your Honor.

19                Briefly, for the record I'm acknowledging

20      receipt of check number 2353, which is drawn from a

21      J.P. Morgan Chase Bank IOLA trust account for the amount

22      of one million dollars, dated December 15, 2022, from

23      Levi Huebner & Associates, made out to the Office of the

24      New York State Attorney General.

25                THE CLERK:  Let the record reflect the

1    defendant has signed and received a copy of the sentence

2    order for conditional discharge.

3              MR. HUEBNER:  Does your Honor need to make an

4    order regarding the release of the bail funds?

5              THE COURT:  No.  It is by operation of law.

6              MR. HUEBNER:  I would like to thank your

7    Honor's staff and your Honor for going past the court

8    hours.  It is after five o'clock, and I wanted to thank

9    everybody very much, sincerely.

10             MR. McNALLY:  Your Honor, as I understand bail

11   is exonerated and Mr. Fischmann's passport will be

12   released.

13             THE COURT:  It is by operation of law.

14             (Proceedings concluded.)

15             *    *    *    *    *    *    *

16             I hereby certify the foregoing transcript is a

17   true and accurate transcription from my stenographic

18   notes.

19
                         _Mickey Brymer_
20                       _____
                         Mickey Brymer, RPR
21                       Senior Court Reporter

22

23

24

25