```
                    UNITED STATES BANKRUPTCY COURT
                     SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
IN RE:                                Case No.: 23-35660-cgm

AARON FISCHMAN                        355 Main Street
                                      Poughkeepsie, NY 12601
              Debtor.                 September 26, 2023
--------------------------------X     8:59 a.m.
```

**23-35660-cgm** Aaron Fischman *Chapter 13*

   Dawn Kirby representing Aaron Fischman (Debtor)
   Thomas C. Frost (Trustee)
   (no aty) representing United States Trustee (U.S. Trustee)

    – Doc #4 Notice of Hearing on Automatic Dismissal with
      hearing to be held on 9/26/2023 at 08:59 AM at
      Videoconference (ZoomGov) (CGM) (DuBois, Linda)

    – Doc #11 Notice of Hearing to consider the Motion to
      Extend Deadline to File Schedules or Provide Required
      Information filed by Aaron Fischman (related
      document(s)10) with hearing to be held on 9/26/2023 at
      08:59 AM at Videoconference (ZoomGov) (CGM).
      Doc #10 Motion to Extend Deadline to File Schedules or
      Provide Required Information filed by Aaron Fischman.
      (DuBois, Linda)

    – Doc #14 Motion to Dismiss Case for Cause under 11 USC
      109(e) filed by Eric W. Berry on behalf of Shalom S.
      Maidenbaum with hearing to be held on 9/26/2023 at
      09:00 AM at Videoconference (ZoomGov) (CGM) Responses
      due by 9/19/2023,. (Attachments: # 1 Exhibit 1-

              UNITED STATES BANKRUPTCY COURT
               HONORABLE CECELIA G. MORRIS

   [DOCKET MATTERS AND APPEARANCES CONTINUED ON NEXT PAGE]


Digitally Recorded Proceeding, transcribed by: Lisa Kane

AMERICAN LEGAL TRANSCRIPTION
11 Market Street, Suite 215
Poughkeepsie, NY  12601
Tel:  (845) 452-3090 - FAX (845) 452-6099
amlegaltrans@aol.com

Maidenbaum Judgement v. Fischman 8-21-16) # 2 Exhibit 2-Maidenbaum Judgment v. Fischman (6-28-16) # 3 Exhibit 3-IRS Proof of Claim v. Fischman # 4 Exhibit 4-NYS Tax Proof of Claim v. Fischman # 5 Exhibit 5-NY AG Judgment v. Fischman # 6 Exhibit 6-Fischman Guilty Plea # 7 Exhibit 7-Contempt Order (4-25-23) # 8 Exhibit 8-Order Rescheduling Fischman Compliance # 9 Exhibit 9-Severance Order)

VIRTUAL APPEARANCES

| | |
|---|---|
| FOR THE DEBTOR: | Dawn Kirby, Esq.<br>Kirby, Aisner & Curley, LLP<br>700 Post Road, Suite 237<br>Scarsdale, New York  10583 |
| FOR CREDITOR, SHALOM S. MAIDENBAUM: | Eric W. Berry, Esq.<br>Berry Law, P.C.<br>756 Fifth Avenue, Ste, 5th Fl.<br>New York, New York  10150 |
| FOR CREDITOR, SHALOM S. MAIDENBAUM: | Jill L. Makower, Esq.<br>Tarter Krinsky & Drogin, LLP<br>1350 Broadway, 11th Floor<br>New York, New York 10018. |
| FOR UNITED STATES TRUSTEE: | Alicia M. Leonard, Esq.<br>DOJ – Ust<br>United States Trustee<br>Leo O'Brien Federal Building<br>11A Clinton Avenue<br>Albany, New York 12207 |

I N D E X                                                    PAGE(S)

NOTICE OF HEARING ON AUTOMATIC DISMISSAL
MOTION TO DISMISS CASE FOR CAUSE UNDER 11 USC 109(e)

Response:    BY: Mr. Berry                                       4
Response:    BY: Ms. Kirby                                       5
Ruling:      The Court                                           7

1    THE COURT: 23-35660, Aaron Fischman.

2    MR. JOSE: Dennis Jose, Trustee, Judge.

3    MR. BERRY: Eric Berry for creditor, Shalom

4    Maidenbaum. I have here with me today Jill Makower of

5    Tarter Krinsky and she is my co-counsel.

6    MS. LEONARD: Good morning, Your Honor. Alicia

7    Leonard for the United States Trustee.

8    THE COURT: Ms. Kirby, you're on -- you're on

9    mute.

10   MR. BERRY: Your Honor, we've got to address

11   (inaudible).

12   MS. KIRBY: Sorry about that.

13   THE COURT: No, Ms. Kirby.

14   MS. KIRBY: Dawn Kirby, Kirby, Aisner & Curley

15   representing the debtor, Your Honor. Thank you.

16   THE COURT: Very good. Does anyone wish to add

17   anything from their papers?

18   MR. BERRY: I guess this is --

19   MS. KIRBY: I do, Your Honor.

20   THE COURT: Well, wait just a moment. I'll ask

21   for the movant first.

22   MR. BERRY: This is Eric Berry for Mr.

23   Maidenbaum. Just -- it's basically a housekeeping note.

24   As the Court has seen, we moved to dismiss essentially

25   under Section 109(e) because $7.7 million in debts

exceeds the eligibility cap of 2.75 million.

Last night or maybe late yesterday afternoon Ms. Kirby on behalf of the debtor filed a request to convert the case to an 11. There's no formal opposition to the motion to dismiss. And then later that -- later in the evening we filed my declaration in which we argued for dismissal as opposed to converting it to a Chapter 11 case because we believe that reorganization is, first of all, impossible given the $7.7 million in judgments and, secondly, because there is a seven-year history of refusing to answer questions in the State Court matter about his financial affairs and the failure to file schedules here. That's not gonna change this -- magically if this case is converted to an 11.

Mr. Fischman has proven to date that he's incapable of the financial honesty that is incumbent upon a debtor in a Chapter 11 case, so we believe the case should be dismissed.

THE COURT: Okay. Ms. Kirby.

MS. KIRBY: All right. Your Honor, there has, to my understanding, then long history of massive litigation between these parties. And I'm very new to the game having been retained on the 19th of September. However, I did tell Mr. Berry as well as his co-counsel on either Thursday or Friday morning of last week that I

1. would be filing the conversion to Chapter 11 that
2. although their claim is in dispute that to not have to
3. deal with the controversy or put that on the Court to
4. determine at this point we were happy to convert to
5. Chapter 11 and proceed.  The debtor has every right to
6. control the disposition of his assets to satisfy his
7. creditors.
8. There are some other issues here.  The debtor
9. did come to my office last week twice to fill out the
10. schedules.  We have them substantially complete.  There
11. are a few little things I was waiting for because of the
12. Yom Kippur holiday, I wasn't able to get everything done
13. before this morning.  But I can represent to the Court
14. that I can have complete a schedule filed by tomorrow and
15. that they are almost complete already.
16. Also, Your Honor, there's controversy between
17. the parties, just so you know, as to whether the
18. automatic stay is in effect in this case.  There was a
19. prior involuntary filed against Mr. Fischman by one
20. person who never served everything and Your Honor
21. dismissed that case.  Mr. Fischman was represented by Ms.
22. Tirelli at the time.
23. The creditor is claiming that because there was
24. a prior bankruptcy within one year and this is the second
25. bankruptcy --

1    THE COURT: That has nothing to do with it.
2    That was an involuntary. I -- I was gonna rule on that
3    anyway. You got to look at that. That wasn't the
4    debtor's case.
5    MS. KIRBY: So I -- I would be making a motion
6    in the Chapter 11 should you convert and let the debtor
7    proceed here to determine that the automatic stay is in
8    effect.
9    THE COURT: Okay. Let me just -- let me just
10   address what's in front of me right now because that all
11   happened yesterday and that all is -- is very good. And
12   we will -- we will deal with it as we deal with it.
13   And that is under Section 30 -- and -- and both
14   of you, I'm giving you both a lesson right now. Section
15   307 of Bankruptcy Code allows a Bankruptcy Court to
16   dismiss a Chapter 13 case for cause and enumerates seven
17   specific occurrences which constitutes sufficient cause.
18   Although 11 U.S.C 3 -- 1307(c) does not expressly equate
19   bad faith with cause, the Court can also dismiss the
20   petition if the debtor files his petition in bad faith.
21   And there's case law on that.
22   Since I'm not really having to rule, I'm doing
23   this as a courtesy. To determine whether bad faith exist
24   or is present, the Court looks at the totality of
25   circumstances and is only found in egregious cases

1  involving concealment or misrepresented assets or
2  expenditures, lavish lifestyle in intention to avoid
3  singular debts incurred through fraud and other means.
4  　　　　　Here the creditor cites debtor's filing as
5  cause for dismissal and claims that debtor's personal
6  filings and the filings of the Chapter 11 case were
7  intended only to stay a State Court action against the
8  debtor.
9  　　　　　You don't give me any reason for that belief.
10 You know, I have fails to indicate any basis for that
11 belief.  Indeed, the debtor seems to be in financial
12 trouble.  That's what we do.  This is Bankruptcy Court.
13 Whether the debtor's prior case was filed involuntarily
14 not by the debtor and by -- and the Chapter 11 case is
15 not the debtors regardless of his relationship with any
16 entity called Cherson (phonetic).  There's no cause for
17 bad-faith grounds on that.
18 　　　　　Haven't connected the dots, you've got to
19 connect dots.  Section 109(e) of the Bankruptcy Code
20 provides that only individuals with other regular income
21 that owes on the date of the petition non-contingent --
22 non-contingent liquidated debts -- debts of less than
23 2.75 million is eligible for relief under Chapter 13 of
24 code.
25 　　　　　The Court of Appeals for the 6th, 7th, 9th

1   Circuits have held that a Court should look beyond the
2   amounts asserted by the debtor and the schedules only if
3   it determines it was not filed in good faith.  Look at
4   those circuits you'll find that case law.
5          When the debtor does not exercise reasonable
6   diligence or good faith in completing and following the
7   schedule -- the schedules, the Court might like to other
8   evidence including post-petition events such as proof of
9   claim to determine -- claim to determine eligibility.
10         Here the Court has made no finding of bad faith
11  on its own efforts.  And as mentioned before, the
12  creditor has only shown why the Court should find the
13  debtor is acting in bad faith.  On the debtor's petition,
14  he states that there's debts of between 500 and
15  1,000,000.  While the debtor has not yet filed
16  appropriate schedules that would list his creditors and
17  debtors, he's filed a motion to extend the time to file
18  the schedules being heard today that are frequently
19  request extra time to file schedules especially when
20  they're finances are complex and the debts are abundant.
21         There's no reason at this point that the debtor
22  should find bad faith or look past debtor's schedules.
23  Even if this Court did find bad faith and look past the
24  schedules to make the debt limit calculations, it's still
25  not apparent that the debtor is beyond the debt limit.

1  Excuse me.

2  There have only been two proofs of claim filed
3  in this case, one by New York State and 300 and 1,126 and
4  the Educational Credit and Management Corporation in the
5  amount of $3,084.28.  These debts hardly equate to or
6  even approach 2.75 million debt limit.

7  Though moving to dismiss at this junction, Mr.
8  Maidenbaum has failed to file a proof of claim.  The
9  other creditors to which Mr. Maidenbaum refers have also
10 failed to file proofs of claim.

11 The claim bar date is October the 19th.  If the
12 credit -- if the debt -- creditors wish to prevent debtor
13 from moving forward in this Chapter 13 file their claims
14 and wait for the opportunity.  And that's what you're
15 probably gonna get with the Chapter 11.

16 Both the creditor and the debtor's attorney
17 have been rather unaware of the procedures of this Court
18 follows in the 109 E eligible multi-question as well as
19 if they're violating the stay where's the motion for
20 violation of the stay?

21 I only give you this opinion by teaching
22 moment.  I'm not dismissing this case.  So I don't know
23 if you need to --

24 MS. KIRBY:  Thank you, Your Honor.

25 THE COURT:  -- you're moving forward -- you're

1     converting to an 11.  If you think you need an order not

2     dismissing the 13, go right ahead, but you're already

3     converted to an 11.

4           MS. KIRBY:  Thank you, Your Honor.

5           MR. BERRY:  Thank you, Your Honor.

6           (PROCEEDING CONCLUDED)

7

8                 CERTIFICATE

9 I, LISA KANE, certify the foregoing transcript of proceedings

10 In Re Aaron Fischman, United State Bankruptcy Court, Southern

11 District of New York, Chapter 13, File Number 23-35660, was

12 prepared using the required electronic equipment and is a true

13 and accurate record of the proceedings.

14

15 Signature:     *LISA KANE* (Electronic Signature)

16 Date:          October 1, 2023

17 Agency:       American Legal Transcription

18               11 Market Street, Suite 215

19               Poughkeepsie, New York 12601

20

21

22

23

24

25